Filing # 232412439 E-Filed 09/26/2025 10:55:35 AM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO.:
DIVISION:

MIRIELLE PAGE, as parent
and natural guardian of minor, G.P.,

        **Plaintiff,**

v.

EYOURLIFE, LLC,
a Foreign Limited Liability Company,
AMAZON.COM, INC.,
a Foreign Profit Corporation,

        **Defendants.**

_____/

## COMPLAINT

Plaintiff, MIRIELLE PAGE, as parent and natural guardian of minor, G.P. ("G.P."), sues Defendants, EYOURLIFE, LLC and AMAZON.COM, INC, and alleges:

### COMMON ALLEGATIONS

1. This action is for damages, which exceed $50,000.00, exclusive of costs.

2. At all times material, Plaintiff resided in Middleburg, Clay County, Florida.

### THE DEFENDANTS

3. At all times material, Defendant EYOURLIFE, LLC was a foreign limited liability company, engaged in the business of manufacturing and distributing products in the United States, specifically in the State of Florida through online retailers.

4. At all times material, Defendant AMAZON.COM, INC was a foreign profit corporation engaged in the sale and distribution of products through its website and available throughout the state of Florida, including Clay County.

5. At all times material, Defendant EYOURLIFE, LLC and Defendant AMAZON.COM, INC were engaged in a business relationship whereby Defendant

AMAZON.COM, INC would sell, market, advertise, warrant, distribute, and deliver products manufactured by Defendant EYOURLIFE, LLC, including a remote-control holder.

## THE PRODUCT

6. The remote control holder ("the holder") was designed to connect any TV remote controller to a fixed object (such as a piece of furniture) by use of a cord or lanyard with an adhesive disc on one end. When used for its intended purpose, the cord (or lanyard) would affix the remote to the furniture, to prevent the remote from being lost or misplaced.

7. The cord had elastic or recoil properties which allowed it to stretch.

## THE INCIDENT

8. At all times material, Plaintiff purchased a remote-control holder through Defendant AMAZON.COM, INC, which was manufactured and distributed by Defendant EYOURLIFE, LLC.

9. On or about December 31, 2023, Plaintiff's minor child, G.P. was using the remote-control holder for its intended purpose.

10. While using the product, it detached from the surface of a table where it was attached, causing the metal disc to whip toward G.P.

11. Due to the recoil of the cord, the sharp metal disc struck G.P.'s eye, causing serious injury.

## COUNT I – STRICT LIABILITY AGAINST EYOURLIFE, LLC

12. Plaintiff incorporates and re-alleges paragraphs one (1) through (11) of the Complaint.

13. At all times material, the holder was designed and/or manufactured in a defective and unreasonably dangerous condition in that when it is used for its intended purpose, the holder detaches from the intended surface.

14. Specifically, the method of attachment with the provided adhesive is insufficient to withstand foreseeable forces.

15. When the adhesive fails, a significant recoil is generated by the elastic nature of the cord.

16. On the date the holder left Defendant's exclusive custody and control, the holder was in a defective condition and an unreasonably dangerous condition.

17. At all times material, Plaintiff used the holder for its intended purpose.

18. At all times material, the remote-control holder was manufactured so that it failed to meet reasonable consumer's expectations. Specifically, the metal disc which held the adhesive material which attached the lanyard to an intended surface was unreasonably sharp.

19. This sharp metal disc presented a known or foreseeable danger to consumers.

20. Alternatively, there was a design defect in the design process which led the holder to be unreasonably dangerous.

21. At all times material, there was a reasonable and safe alternative design.

22. This alternative designed would have significantly reduced the risk of injury associated with foreseeable use of this product.

23. Defendant's defective and unreasonably dangerous product caused Plaintiff to suffer damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MIRIELLE PAGE, as parent and natural guardian of minor, G.P., demands judgment for damages against the Defendant, EYOURLIFE, LLC, and demands a jury trial.

## COUNT II – NEGLIGENCE AGAINST EYOURLIFE, LLC

24. Plaintiff incorporates and re-alleges paragraphs one (1) through (11) of the Complaint.

25. At all times material, the holder was designed and/or manufactured in a defective and unreasonably dangerous condition in that when it is used for its intended purpose, the holder detaches from the intended surface.

26. Specifically, the method of attachment with the provided adhesive is insufficient to withstand foreseeable forces.

27. When the adhesive fails, a significant recoil is generated by the elastic nature of the cord.

28. At all times material, the Defendant knew or should have known of this dangerous condition.

29. Additionally, the remote-control holder was manufactured so as to present an unreasonably dangerous risk of injury to Plaintiff.

30. Specifically, the metal disc which held the adhesive material which attached the lanyard to an intended surface was unreasonably sharp.

31. This sharp metal disc presented a known and/or foreseeable danger to consumers.

32. The construction and material of this disc was unreasonably dangerous.

33. Defendant owned Plaintiff and all others similarly situated a duty of reasonable care to manufacture, distribute and/or sell products that were reasonably safe.

34. Defendant breached this duty by manufacturing, distributing or selling a product which, when used for its intended purpose represented an unreasonably dangerous product.

35. Defendant had a duty to warn the Plaintiff and all other similarly situated consumers of the known dangerous condition and foreseeable risk.

36. Defendant breached its duty to Plaintiff by failing to warn of the dangerous condition that it knew or should have known existed with its use.

37. As a result of Defendant's negligence, Plaintiff suffered damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MIRIELLE PAGE, as parent and natural guardian of minor, G.P., demands judgment for damages against the Defendant, EYOURLIFE, LLC, and demands a jury trial.

## COUNT III – STRICT LIABILITY AGAINST AMAZON.COM, INC

38. Plaintiff incorporates and re-alleges paragraphs one (1) through (11)of the Complaint.

39. At all times material, the holder was designed and/or manufactured in a defective and unreasonably dangerous condition in that when it is used for its intended purpose, the holder detaches from the intended surface.

40. Specifically, the method of attachment with the provided adhesive is insufficient to withstand foreseeable forces.

41. When the adhesive fails, a significant recoil is generated by the elastic nature of the cord.

42. On the date the holder left Defendant's exclusive custody and control, the holder was in a defective condition and an unreasonably dangerous condition.

43. At all times material, Plaintiff used the holder for its intended purpose.

44. At all times material, the remote-control holder was manufactured so that it failed to meet reasonable consumer's expectations. Specifically, the metal disc which held the adhesive material which attached the lanyard to an intended surface was unreasonably sharp.

45. This sharp metal disc presented a known or foreseeable danger to consumers.

46. Alternatively, there was a design defect in the design process which led the holder to be unreasonably dangerous.

47. At all times material, there was a reasonable and safe alternative design.

48. This alternative designed would have significantly reduced the risk of injury associated with foreseeable use of this product.

49. Defendant's defective and unreasonably dangerous product caused Plaintiff to suffer damages, including, but not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MIRIELLE PAGE, as parent and natural guardian of minor, G.P., demands judgment for damages against the Defendant, AMAZON.COM, INC., and demands a jury trial.

### COUNT IV – NEGLIGENCE AGAINST AMAZON.COM, INC

50. Plaintiff incorporates and re-alleges paragraphs one (1) through (11) of the Complaint.

51. At all times material, the holder was designed and/or manufactured in a defective and unreasonably dangerous condition in that when it is used for its intended purpose, the holder detaches from the intended surface.

52. Specifically, the method of attachment with the provided adhesive is insufficient to withstand foreseeable forces.

53. When the adhesive fails, a significant recoil is generated by the elastic nature of the cord.

54. At all times material, the Defendant knew or should have known of this dangerous condition.

55. Additionally, the remote-control holder was manufactured so as to present an unreasonably dangerous risk of injury to Plaintiff.

56. Specifically, the metal disc which held the adhesive material which attached the lanyard to an intended surface was unreasonably sharp.

57. This sharp metal disc presented a known and/or foreseeable danger to consumers.

58. The construction and material of this disc was unreasonably dangerous.

59. Defendant owned Plaintiff and all others similarly situated a duty of reasonable care to manufacture, distribute and/or sell products that were reasonably safe.

60. Defendant breached this duty by manufacturing, distributing or selling a product which, when used for its intended purpose, represented an unreasonably dangerous product.

61. Defendant had a duty to warn the Plaintiff and all other similarly situated consumers of the known dangerous condition and foreseeable risk.

62. Defendant breached its duty to Plaintiff by failing to warn of the dangerous condition that it knew or should have known existed with its use.

63. As a result of Defendant's negligence, Plaintiff suffered damages, including, but

not limited to, permanent physical injury and resulting pain and suffering, disability, mental pain and suffering, and loss of capacity for the enjoyment of life. Plaintiff incurred expenses, including, but not limited to, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MIRIELLE PAGE, as parent and natural guardian of minor, G.P., demands judgment for damages against the Defendant, AMAZON.COM, INC., and demands a jury trial.

Dated on this 26th day of September 2025.

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, & NOWICKI**

*/s/ Lisa M. Nommensen*
**Lisa M. Nommensen, Esq.**
Florida Bar No.: 124203
1680 Emerson Street
Jacksonville, FL  32207
Telephone: (904) 398-1992
Facsimile: (904) 858-9943
Attorneys for Plaintiff
Lisa@nrhnlaw.com

## DESIGNATION OF EMAIL ADDRESSES PURSUANT TO RULE 2.516

Pursuant to Fla.R.Jud.Admin.2.516 (effective September 1, 2012), attorney for Plaintiff, designates the following email addresses for the purpose of service of all documents in the proceeding required by the Rule.

Primary email address:          Lisa@nrhnlaw.com
                                mroberts@nrhnlaw.com
Secondary email addresses:      Smcneil@nrhnlaw.com
                                azepf@nrhnlaw.com


**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, & NOWICKI**

*/s/ Lisa M. Nommensen*_____
**Lisa M. Nommensen, Esq.**
Florida Bar No.: 124203
1680 Emerson Street
Jacksonville, FL  32207
Telephone: (904) 398-1992
Facsimile: (904) 858-9943
Attorneys for Plaintiff
Lisa@nrhnlaw.com